# SUPERIOR COURT.

## SPRING SESSIONS.

### 1877.

---

## JOHN STEWART *v.* JOHN H. APEL.

The renting of premises by an agreement in writing, but not under seal, for a term of five years, is effectual only as a demise for one year, but if continued without notice from either party to terminate the holding for the five years it becomes in effect a parol demise from year to year during the holding, and in *assumpsit* on the agreement by the landlord against the tenant for not repairing the premises in the meanwhile, each parol demise from year to year becomes a distinct and complete cause of action, and will be barred after three years by the statute of limitations.

ASSUMPSIT upon a written agreement, but not under seal, by which the defendant, who alone signed it, rented from the plaintiff certain premises, consisting of a dwelling, candy shop, and bakery in Milford, for and during the term of five years from the 1st day of January, 1865, to the 1st day of January, 1870, and was to do all the repairs on the premises at his own expense, except to the bake-oven and pump, and for which he was to pay a rent of one hundred and seventy-five dollars per annum in three months' installments, and to deliver at the expiration of said term the said premises with all the improvements and appurtenances thereunto belonging to the plaintiff. The defendant held the premises during the term or time limited in the agreement and then surrendered them after giving three months' notice in writing of his intention to do so to the plaintiff. The action was commenced on the 28th day of December, 1872, and was for neglecting to keep the premises in repair. The declaration con-

189

tained ten counts, and the first five of them respectively were for a breach of the agreement in that respect during each of the five years of the holding, and among other pleas the statute of limitations was pleaded. The testimony as to the repairs was very contradictory, and the counsel for the defendant contended that there was no evidence that they had been neglected during the last year of the holding.

*Watson*, for the plaintiff : Under the provisions of the statute, *Rev. Code* 707, no demise, except it be by deed or lease under seal, shall be effectual for a longer term than one year, and by virtue of it this became a good demise for the first year, but it further provides that if there be a demise for a term of one or more years, and three months or upward before the end of the term either the landlord do not give notice in writing to the tenant in possession to remove, or the tenant do not give like notice to the landlord of his intention to remove from the demised premises, the term shall be extended for another year, for which the tenant shall pay the rent and all the stipulations of the demise shall continue in force. And as by the operation of these two provisions the valid demise for the first year was continued without notice from either party to terminate it, for each successive year until the close of 1869 it became in effect a good demise from year to year for the five years limited in the agreement with all the stipulations contained in it for each of those years. *Doe d. Rigge* v. *Bell*, 5 *T. R.* 471 ; *Clayton* v. *Blakey*, 8 *T. R.* 3 ; *Stewart* v. *Apel*, 4 *Houst.* 314; *Hill* v. *Woodman*, 14 *Maine* 38 ; *Richardson* v. *Gifford*, 28 *E. C. L. Rep.* 35 ; *Barlow* v. *Wainright*, 28 *Verm.* 88; *Lockwood* v. *Lockwood*, 22 *Conn.* 425 ; *Beal* v. *Sanders*, 3 *Bingh. N. C.* 850.

*Lofland*, for the defendant : This was under the operation of the statute a parol demise from year to year for a period, as it turned out, of five years from January 1st, 1865, to January 1st, 1870, and there were five separate counts in the declaration so laying the demise for each one of the five years and alleging the breach of it in each one of them in the same manner. There are, therefore, so many separate and distinct causes of actions

joined in one action of *assumpsit* on a parol demise from year to year, and the statute of limitations is pleaded to it. The first cause of action accrued January 1st, 1866, the last January 1st, 1870, and the suit was not brought until December 28th, 1872, and all for the first four years are barred by it, while there was no evidence that the repairs were neglected during the last year, 1869.

*The Court, Comegys, C. J., charged the jury:* That under the written agreement, which was without any seal, and the provision of the statute applicable to it, the demise was effectual for the first year only in itself considered, but having been continued by the consent of both parties from year to year from the close of that year, 1865, to the last of the year of 1869, it became in effect from its beginning a demise from year to year till that time, and also a distinct demise for each of those five years, with an extension and re-extension of all the stipulations expressed in the written agreement to each of those demises in succession throughout the period of the holdings, and each demise constituted a distinct and complete cause of action in itself or five of them joined in one suit; but as the suit had not been brought until the 28th day of December, 1872, and the statute of limitations had been pleaded to it, they could allow the plaintiff no damages for any breach by the defendant of the stipulation to all the repairs on the premises if any neglect on his part to do so had been proved to their satisfaction which had occurred at least three years before the suit was commenced, nor any damages or verdict whatever for the plaintiff unless they were satisfied from the evidence that the defendant had neglected to do the repairs upon them between the 28th day of December, 1868, and the termination of the holding with the year 1869, and for which, if they were so satisfied, it would be their duty to return a verdict in his favor for such damages only as that evidence shows that he had sustained. Otherwise their verdict should be for the defendant.

The plaintiff had a verdict for seventy-two dollars.